IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD MILLER, Individually and as Personal Representative of the Estate of PAUL A. MILLER, Deceased 627 Hollow Road Delta, Pennsylvania 17314 | * * * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. |
| JOHN ARCHIE ENNIS, III 7602 Bayside Drive P.O. Box 476 Sparrows Point, Maryland 21052 (Baltimore County, Maryland) | * * * | |
| AND | * | |
| SERPRO INC., Doing Business as COURIER'S, INC., a Missouri Corporation    Serve On:  Clifford C. Neus, R/A           225 Millwell Drive           Maryland Heights, MO 63043 | * * * | |
| Defendants | * | |

* * * * * * * * * * * * *

## COMPLAINT & REQUEST FOR JURY TRIAL

The Plaintiff, by Dennis F. O'Brien, P.A. and Foard, Gisriel, O'Brien & Ward, LLC, his attorneys, sues the Defendants and says:

1.    This Court has original jurisdiction over the within proceeding pursuant to 28 U.S.C. §1332, as there is complete diversity amongst the parties.

2.      Venue is proper in this Court as the events in the Complaint took place within the district of Maryland.

3.      The Plaintiff, Donald Miller, is a resident of the state of Pennsylvania.

4.      The Defendant, John Archie Ennis, III, is a resident of the state of Maryland.

5.      The Defendant, Serpro, Inc., doing business as Courier's Inc., (hereinafter 'Serpro, Inc."), is a corporation with its principal place of business in the state of Missouri.

6.      The matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

## COUNT I

7.      The Plaintiff is the natural son and Personal Representative of the Estate of Paul A. Miller.

8.      On or about December 27, 2005, while the deceased was traveling in a northbound direction on Route 136 in Harford County, Maryland, he was caused to sustain serious, painful and ultimately fatal injuries when involved in a collision with a vehicle leased by the Defendant, Serpro, Inc., and negligently operated by their agent, servant and employee, the Defendant John Archie Ennis, III.

9.      The Defendant John Archie Ennis, III was a delivery driver for Serpro, Inc., and Serpro, Inc. had a contract with 84 Lumber Company to perform delivery work.

10.     The Defendant John Archie Ennis, III was fatigued, but did not pull off the road and stop driving, but rather continued to drive and eventually fell asleep, losing control of the vehicle,

and crossing the center line while he was traveling in a southbound direction on Route 136, and striking the Plaintiff's deceased's vehicle head-on.

11. As a result of this collision, the Plaintiff's deceased was trapped in the vehicle, but was conscious, suffering great pain from injuries he sustained in the accident, suffering from fear of imminent death and he ultimately died as a result of the injuries while at the scene and undergoing extrication.

12. Prior to the collision, the Plaintiff's deceased saw the Defendant's vehicle approaching his lane and he attempted to move out of the way, but was unable to get far enough out of the way to avoid the collision. The Plaintiff's deceased was placed in great fear for his life and suffered considerable pre-impact fright and shock.

13. So that all of the injuries, losses and damages sustained by the Plaintiff's deceased were caused as a result of the negligence of the Defendant John Archie Ennis, III, and all without any negligence on his part contributing.

WHEREFORE, the Plaintiff Donald Miller, as Personal Representative of the Estate of Paul A. Miller, claims One Million Dollars ($1,000,000.00) in damages for the deceased's pre-impact fright and shock, conscious pain and suffering, medical and funeral bills.

## COUNT II

The Plaintiff adopts and realleges those facts set for the above, as if set forth more fully herein.

14. The Plaintiff is the natural son of the deceased, Paul A. Miller. The two had a close relationship, living fairly close to each other geographically and spent considerable time together doing activities.

15. The deceased was close to his family and spent much time with the Plaintiff and his wife and son.

16. The Plaintiff lost the services, companionship, comfort, guidance, etc. (solatium), that the deceased would have provided for their joint life expectancies as a result of his untimely and unfortunate death, all as a result of the negligence of the Defendant John Archie Ennis, III.

17. So that all of the Plaintiff's injuries, losses and damages were as a direct and proximate result of this Defendant's negligence, all without any negligence on the part of the deceased contributing.

WHEREFORE, the Plaintiff, individually, claims One Million Dollars, ($1,000,000.00), in damages.

                /s/
Dennis F. O'Brien, P.A., #00771
Foard, Gisriel, O'Brien & Ward, LLC
29 W. Susquehanna Avenue
Suite 302
Towson, Maryland 21204
(410) 296-1440
(410) 823-7037 Facsimile
*Attorney for Plaintiff*